E-FILED
Wednesday, 29 January, 2025 09:31:57 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

LACEY GITTINGS-BARRERA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

MEMORIAL HOSPITAL ASSOCIATION d/b/a MEMORIAL HOSPITAL

Defendant.

Case No. 4:24-cv-04167-SLD-JEH
Chief Judge Sara L. Darrow

**DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Memorial Hospital Association moves this Honorable Court for leave to file a reply brief in support of its motion to dismiss. In support thereof, Memorial Hospital states as follows:

1. Unlike cyber-breaches reported in the press, this case does not arise from a cyber-crime, a failure to secure corporate networks, or an unauthorized disclosure of doctor-patient communications. Instead, Plaintiff voluntarily input information into a public facing website (not to be confused with a password-protected patient portal) that provides general information regarding Memorial (such as its location, services, hours of operation, and visitor policies). Even though she voluntarily input information into a public website, Plaintiff asks this Court to hold that Memorial owes an unending duty to hold her use of that website in confidence.

2. Memorial filed a motion to dismiss Plaintiff's complaint because even if the Court accepted her allegations as true, her claims she failed to allege the elements of her claims and those claims contravened basic principles of Illinois law. First, Plaintiff's negligence (Counts I and II), unjust enrichment (Count V) and breach of implied contract (Count IV) claims fail because Plaintiff admits that she entered into a contract with Memorial (Dkt. 1, ¶ 214) and a party to a

contract cannot assert such claims. (Dkt. 9-1, pg. 12-16). Second, Plaintiff's express contract claim (Count III) fails because Plaintiff never alleges that Memorial agreed to hold data input in its public facing website in confidence or that she suffered the economic injury necessary to pursue a contract claim. (Dkt. 9-1, pg. 16-18). Third, Plaintiff's bailment claim (Count VI) fails because bailment only applies if the bailee receives property and promises to return that property and Plaintiff alleges no such promise. (Dkt. 9-1, pg. 18). Fourth, Plaintiff's claim under the Illinois Eavesdropping Statute (Count VII) fails because she never pleads an actionable interception of a communication with a third party or compensable damages. (Dkt. 9-1, pg. 18-20). Fifth, Plaintiff's claims under the Electronic Communications Privacy Act (Counts VIII, IX and X) fail because she does not allege a compensable injury. (Dkt. 9-1, pg. 20-21). Sixth, Plaintiff's claim under the Computer Fraud and Abuse Act (Count XI) fails because she does not allege a violation of the CFAA or actionable damages. (Dkt. 9-1, pg. 21-22).

3. Although Memorial filed a motion to dismiss predicated upon controlling Illinois law, Plaintiff responded with a brief that seeks to circumvent the local rules. ***Plaintiff filed both a 20-page memorandum of law (with 6,542 words) and a 26-page exhibit (with 5000 words)[1] purporting to identify additional legal support for her claim***. (Dkt. 11 and 11-1). By formatting her legal authority as an appendix, Plaintiff filed more than 45 pages of argument (and 11,000 words) – thereby enabling her to circumvent the local rules and volley inapplicable authority.

4. Given Plaintiff's filing, Memorial now seeks leave to file the attached reply brief explaining why Plaintiff's authority has no bearing on Memorial's motion and Plaintiff's claim

[1] Plaintiff did not provide a word count for her appendix, but Memorial's counsel prepared a word version and completed count. The document contained 6,611 words. Even excluding the titles, the document contains at least 5,000 words.

should nonetheless be dismissed. Memorial respectfully submits that leave should be granted for three reasons.

5. First, Memorial will be prejudiced if it is not allowed to file a reply because Plaintiff attempts to interpose the incorrect legal standard by burying the Court with an avalanche of irrelevant cases. She purports to provide an index of cases (Dkt. 11-1) without any context for those claims or discussion of those claims – in apparent hopes that the Court will not wade through the decisions and detect the obvious distinctions. Without a reply, Memorial cannot now address that authority, explain its irrelevance and explain why the Plaintiff's complaint should be dismissed despite her alleged authority.

6. Second, a reply will permit Memorial to debunk Plaintiff's arguments. With only a few exceptions, Plaintiff's appendix cites cases decided outside Illinois and cases that did not apply Illinois law. Plaintiff does not note that obvious distinction or explain why those cases have any relevance to a claim by an Illinois resident against an Illinois defendant for conduct that solely occurred in Illinois. For example, she repeatedly cites *Smith v. Loyola University Medical Center*, No. 23 CV 15828, 2024 WL 3338941 (N.D. Ill. July 9, 2024), without noting that it dismissed analogous claims for unjust enrichment and alleged violation of the Illinois Consumer Fraud Act. Without a reply, Memorial cannot address Plaintiff's immaterial authority and explain why it does not support her flawed theories.

7. Third, Plaintiff's complaint raises a series of complex statutory interpretation issues. Plaintiff's response raises new issues that Memorial could not fully anticipate and address in its motion. Without a reply, Memorial will not be able to explain the flaws in Plaintiff's statutory interpretation and why that interpretation contravenes existing precedent.

8. Plaintiff's response ignores controlling authority governing her claim precisely because application of that authority to her allegations requires dismissal of her claims. Memorial seeks leave to file a reply brief focused solely on how the authority mandates dismissal of her claims. Plaintiff will not be prejudiced because she already filed 45 pages of authority in contravention of the local rules.

WHEREFORE, Memorial Hospital Association respectfully requests this Honorable Court enter an order granting it leave to file a reply brief in support of its Motion to Dismiss and for any other authority the Court deems necessary and appropriate.

Dated: January 29, 2025

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

/s/ *Scott L. Schmookler*
Scott L. Schmookler (6238034)
One North Wacker, Suite 1600
Chicago, IL 60606
T: (312) 565-1400
sschmookler@grsm.com
*Attorney for Defendant Memorial Hospital*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 29, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ *Scott L. Schmookler*
Scott L. Schmookler