E-FILED
Tuesday, 15 April, 2025 05:01:36 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

LACEY GITTINGS-BARRERA, on behalf of herself and all others similarly situated,

Plaintiff,

v.

MEMORIAL HOSPITAL ASSOCIATION d/b/a MEMORIAL HOSPITAL,

Defendant.

Case No. 24-CV-04167

**DEFENDANT MEMORIAL HOSPITAL ASSOCIATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Memorial Hospital Association d/b/a Memorial Hospital ("Memorial") submits the following response to Plaintiff's notice of supplemental authority and maintains that Plaintiff's continued reliance upon cases decided outside Illinois have no bearing on the legal viability of a claim governed by Illinois law.

## INTRODUCTION

Lacey Gittings-Barrera ("Plaintiff") sued a nonprofit hospital on the flawed thesis that it owed a duty to protect information she voluntarily input into a public-facing website. Plaintiff never pled that Memorial tracked confidential patient correspondence inside a password-protected patient portal. Instead, she pled that she voluntarily input information into a public facing website and seeks relief on the false notion that Memorial improperly disclosed her usage of its website to third-party software companies.

In its motion, Memorial explained why Plaintiff's allegations, even if true, do not support any viable claim under Illinois law and binding federal precedent. Faced with authority mandating dismissal of her claims, Plaintiff attempted to bury the adverse authority with an avalanche of

irrelevant cases decided outside of Illinois. Unable to circumvent adverse authority rejecting her claims under Illinois law, Plaintiff simply ignored those cases. Plaintiff's notice of supplemental authority continues that strategy. Even though Plaintiff is an Illinois resident pursuing claims against an Illinois defendant under Illinois law, she provides notice of California cases applying California law. Why? Because Illinois courts reject her claims. To leave no doubt, Plaintiff omits from her notice an Illinois cases decided in this district precisely because that case rejected her claims under Illinois law and granted an analogous motion to dismiss. *Doe v. Genesis Health Sys.*, No. 23-CV-4209, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025).

## ARGUMENT

### I. NEW ILLINOIS LAW REJECTS PLAINTIFF'S CLAIMS AND MANDATES DISMISSAL OF THOSE CLAIMS.

Although Plaintiff purports to provide notice of supplemental authority, Plaintiff conveniently omits a decision within this district, *Doe v. Genesis Health Sys.*, No. 23-CV-4209, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025). Plaintiff fails to acknowledge this decision because this Court dismissed analogous claims. That decision tracks Memorial's motion to dismiss and held that absent breach of an express contract, the Plaintiff could not pursue a medical provider based upon the allegation that it tracked information input into a public-facing website. *Id.* at *1. This Court's decision addressed the very claims alleged in this case and detailed why those claims should be dismissed in this case.

First, the district court dismissed claims for negligence and negligence per se (two of the claims the Plaintiff purports to allege here) because "[t]he Illinois Supreme Court has not recognized a duty to safeguard personal information" and "the Seventh Circuit reaffirmed that 'Illinois has not recognized an independent common law duty to safeguard personal information….'" *Id.* at *4 (*quoting Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803,

817 (7th Cir. 2018)). Plaintiff omits that decision because application of *Genesis* mandates dismissal of her negligence claims.

Second, the district court dismissed a claim under the Illinois Eavesdropping Statute (one of the claims the Plaintiff purports to allege here) because the plaintiff's conclusory allegations did not establish a violation of the statute or actionable damages. *Id.* at *7. Plaintiff omits that decision because application of *Genesis* mandates dismissal of her claim under the Illinois Eavesdropping Statute.

Third, the district court dismissed claims under the Electronic Communications Privacy Act and the Stored Communications Act (three of the claims the Plaintiff purports to allege here) because use of a website does not constitute an electronic communication under the Electronic Communications Privacy Act and the acts do not "transform every business or entity that merely uses an electronic communication service in its business operations into a provider of an electronic communication service." *Id.* at *9. Plaintiff omits that decision because application of *Genesis* mandates dismissal of her claim under the Electronic Communications Privacy Act and the Stored Communications Act.

Fourth, the district court dismissed a claim under the Computer Fraud and Abuse Act (one of the claims the Plaintiff purports to allege here) because "… Plaintiff does not allege facts that support Genesis embedded the tracking technologies onto her devices or otherwise obtained or altered information protected therein. Instead, the allegations in her Complaint state the trackers were on the Defendant's website and online services, not the other way around." *Id.* at *10. Plaintiff omits that decision because she too does not allege the installation of trackers on her computer and application of *Genesis* mandates dismissal of her claim.

Rather than address adverse authority, Plaintiff attempts to distract by citing *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556 at *1 (N.D. Ill. Feb. 21, 2025). However, that case involved plaintiffs that "shared their medical information…using a web-based portal called MyChart". Plaintiff never alleges that she visited a password-protected patient portal, or that Memorial installed tracking software on such a portal. Contrary to *Elmhurst*, this case has nothing to do with a password-protected patient portal.

While *Elmhurst* upheld the plaintiffs' negligence claim, the plaintiffs in that case did not admit that they contracted with Elmhurst. Because Plaintiff admits that she contracted with Memorial, Illinois law precludes her from asserting a claim for negligence. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69 (1982) (forbidding claim for negligence because plaintiff admitted contract with defendant). Courts have dismissed negligence claims where, as here, the plaintiff admitted to a contract in cases arising from alleged tracking of data. *Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 817 (7th Cir. 2018); *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 531 (N.D. Ill. 2011); *Doe v. Genesis Health Sys.*, No. 23-CV-4209, 2024 WL 3890164, at *12 (C.D. Ill. Aug. 21, 2024). Indeed, this Court dismissed a negligence claim on this basis in *Genesis*. Because the plaintiff therein admitted to a contract, this Court dismissed her negligence claims: "Plaintiff's negligence and negligence per se claims are dismissed as the *Moorman* Doctrine precludes the recovery of tort damages, an essential element of a negligence claim." *Genesis Health Sys.*, 2024 WL 3890164 at *12. As recognized in *Genesis*, Plaintiff cannot assert a claim for negligence as she contracted with Memorial. Accordingly, Plaintiff's claim for negligence should be dismissed.

Plaintiff further relies on *Elmhurst* as it upheld plaintiffs' wiretapping claim under the Electronic Communications Privacy Act (ECPA) reasoning that the crime-tort exception to the

ECPA applied where the plaintiffs alleged that the healthcare provider disclosed plaintiffs' health information in violation of the Health Insurance Portability and Accountability Act (HIPAA). Plaintiff alleged Memorial violated HIPAA on the misguided belief that Memorial installed tracking pixels on its patient portal. Regardless of the merits of Plaintiff's allegations, Plaintiff cannot pursue a claim under the ECPA absent economic damages and Plaintiff alleges no such damages.

Notably, Plaintiff ignores that *Elmhurst* dismisses one of the very claims Plaintiff now asserts – a violation of the Illinois Eavesdropping Statute. In *Elmhurst*, Plaintiffs asserted that the healthcare provider violated section 5/14-2(a)(2), which prohibits using "an eavesdropping device, in surreptitious manner, for the purpose of transmitting or recording all or any part of any private conversation to which he or she is a party unless he or she does so with the consent of all other parties to the private conversation." *Id.* at *6 (*citing* 720 ILCS 5/14-2(a)(2)). The court dismissed the claim reasoning that the statute only applies to oral communications.

> Section 5/14-2(a)(2) uses the phrase "private conversation." *See* 720 ILCS 5/14-2(a)(2). The statute defines the phrase "private conversation" to mean "any oral communication between 2 or more persons." *See* 720 ILCS 5/14-1(d). Only "oral" communications count. Plaintiffs don't allege that EEH transmitted or recorded an oral communication, so that provision does not come into play…Even after the 2014 amendment, the statute says that a "private conversation" means "any oral communication between 2 or more persons, in person or transmitted between the parties by wire or other means." *See* 720 ILCS 5/14-1(d). If the communication isn't "oral", it doesn't give rise to a claim under section 5/14-2(a)(2).

*Id.* at *7. Like the plaintiffs in *Elmhurst*, Plaintiff purports to claim a violation of section 5/14-2(a)(2). Because this provision only applies to oral conversations, Plaintiff does not allege an actionable violation of section 5/14-2(a)(2) of the Act.

*Elmhurst* also dismissed the claim under section 5/14-2(a)(3) as the provision only "applies when a party intercepts, records, or transcribes a private electronic communication 'to which he or she is not a party unless he or she does so with the consent of all parties to the private electronic

communication.'" *Id.* at *8. The court reasoned that section 5/14-2(a)(3) did not apply as the healthcare provider was a party to the communication. *Id.* As such, it is not enough for Plaintiff to allege that Memorial intercepted a communication; she must allege that Memorial was not a party to that communication.

## II. CALIFORNIA CASE LAW DOES NOT APPLY TO AN ILLINOIS CASE BETWEEN ILLINOIS LITIGANTS UNDER ILLINOIS LAW.

Plaintiff cites to two California decisions.[1] *Shah v. Capital One Fin. Corp.*, No. 24-CV-05985-TLT, 2025 WL 714252 (N.D. Cal. Mar. 3, 2025); *Doe v. Pacific Dental Serv., LLC*, Case No. 30-2024-01384236-CU-BC-CXC (Sup. Ct. Cal., Orange County). These cases, however, were not decided under Illinois law, and like *Elmhurst*, involved private health information shared in a password-protected portal and/or financial information.[2] Regardless of whether California recognizes the claims upheld in *Capital One* and *Pacific Dental*, Illinois law does not do so and Illinois law controls a claim by an Illinois resident against an Illinois defendant. For example, California law may permit a party to a contract to sue for negligence and/or breach of implied contract, but Illinois law does not permit such claim, and Plaintiff cannot use California cases interpreting California law to circumvent Illinois law.

However, even if the Court applied these immaterial cases, Plaintiff ignores that *Capital One* dismissed the very claims Plaintiff now asserts – breach of express contract, bailment, negligence per se, and a violation of the Computer Fraud and Abuse Act (CFAA). The court

---

[1] Plaintiff cites to *Capital One* as the court upheld plaintiffs' claims for negligence, unjust enrichment, declaratory judgment, wiretapping under the ECPA, violation of the California Consumer Privacy Act, and violation of California's Invasion of Privacy Act to proceed past a 12(b)(6) motion. Plaintiff cites to *Pacific Dental* as the court upheld plaintiffs' claims for negligence, breach of implied contract, invasion of privacy, invasion of privacy under the California Constitution, a violation of the California Invasion of Privacy Act, a violation of the California Confidentiality of Medical Information Act, a violation of the Comprehensive Computer Data Access and Fraud Act, and unfair competition under California Business and Professional Code.

[2] *Capital One* involved tracking of personal and financial information, not general information on a public facing website.

granted Capital One's motion to dismiss as to the breach of express contract claim as plaintiffs generally alleged that Capital One breached its express contract with plaintiffs to protect their nonpublic personal information but failed to cite where in the contract Capital One agreed to protect their nonpublic personal information or when Capital One explicitly promised not to disclose their data. *Id.* at *9. Thus, even if the Court applied that case, Plaintiff's claims must nonetheless be dismissed.

## CONCLUSION

WHEREFORE, Defendant Memorial respectfully requests that this Court enter an Order dismissing Plaintiff's Class Action Complaint with prejudice and without leave to amend, and for all other relief deemed necessary and appropriate.

Dated: April 15, 2025

Respectfully submitted,

By: /s/ *Scott L. Schmookler*

Scott L. Schmookler - # 6238034
**GORDON & REES SCULLY MANSUKHANI, LLP**
One North Wacker, Suite 1600
Chicago, IL 60606
Telephone: (312) 619-4931
Facsimile: (312) 565-6511
*Attorney for Memorial Hospital*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 15, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ *Scott L. Schmookler*
Scott L. Schmookler