E-FILED
Thursday, 02 October, 2025 09:06:57 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LACEY GITTINGS-BARRERA, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:24-CV-04167-SLD-JEH |
| MEMORIAL HOSPITAL ASSOCIATION d/b/a MEMORIAL HOSPITAL, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ..... i

**TABLE OF AUTHORITIES** ..... ii

**INTRODUCTION** ..... 1

**GOVERNING STANDARD** ..... 2

**ARGUMENT** ..... 3

**I. COUNTS I, II, IV AND V: PLAINTIFF'S ADMITTED CONTRACT WITH DEFENDANT PRECLUDES HER NELIGENCE, UNJUST ENRICHMENT AND BREACH OF IMPLIED CONTRACT CLAIMS.** ..... 3

**II. COUNT III: PLAINTIFF'S CONTRACT CLAIM FAILS BECAUSE SHE FAILS TO PLEAD ECONOMIC INJURY.** ..... 4

**III. COUNT VI: PLAINTIFF DOES NOT ALLEGE THE ELEMENTS OF BAILMENT.** ..... 6

**IV. COUNT VII: PLAINTIFF FAILS TO PLEAD A VIOLATION OF THE ILLINOIS EAVESDROPPING STATUTE.** ..... 6

**V. COUNTS VIII, IX AND X: PLAINTIFF'S FAILURE TO PLEAD ECONOMIC INJURY PRECLUDES RECOVERY UNDER THE ELECTRONIC COMMUNICATIONS PRIVACY ACT** ..... 9

**VI. COUNT XI: PLAINTIFF FAILS TO STATE A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT.** ..... 10

**CONCLUSION** ..... 12

**CERTIFICATE OF SERVICE** ..... 13

## TABLE OF AUTHORITIES

**Cases**

*Maness v. Santa Fe Park Enters. Inc.*, 298 Ill. App. 3d 1014 (Ill. App. Ct. 1998)........................ 3

*A.D. v. Aspen Dental Mgmt.*, No. 24 C 1404, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024)....... 4, 7

*Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803 (7th Cir. 2018) ............................... 3

*CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990 (N.D. Ill. 2011).............................. 11

*Doe v. Chao*, 540 U.S. 614 (2004)......................................................................................... 9, 10

*Doe v. Genesis Health Sys.*, No. 23-CV-4209, 2024 WL 3890164 (C.D. Ill. Aug. 21, 2024) ....... 3

*Doe v. Roe*, 289 Ill. App. 3d 116 (Ill. App. Ct. 1997)................................................................. 5

*Farmers Ins. Exch. v. Auto Club Grp.*, 823 F. Supp. 2d 847 (N.D. Ill. 2011)............................ 11

*First Fin. Bank, N.A. v. Bauknecht*, 71 F. Supp. 3d 819 (C.D. Ill. 2014) ................................... 10

*Flores v. Aon Corp.*, 2023 IL App (1st) 230140.................................................................. 3, 4, 5

*Garelli Wong & Assocs., Inc. v. Nichols*, 551 F. Supp. 2d 704 (N.D. Ill. 2008) ......................... 12

*Gociman v. Loyola Univ. of Chic.*, 41 F.4th 873 (7th Cir. 2022) ................................................. 4

*Hovanec v. Miller*, 831 Fed. Appx. 683 (5th Cir. 2020)................................................................ 9

*In re Arthur Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573 (N.D. Ill. 2022) ....................... 6

*In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518 (N.D. Ill. 2011) ................................ 3

*Kurowski v. Rush Sys.*, 2024 WL 3455020 (N.D. Ill. 2024)......................................................... 4

*Kurpa v. TIC Int'l*, No. 1:22-CV-01951, 2023 WL 143140 (S.D. Ind., Jan. 10, 2023)............. 5, 6

*La Throp v. Bell Fed. Sav. & Loan Ass'n*, 68 Ill.2d 375 (1977).................................................... 3

*Maglio v. Advocate Health & Hosps. Corp.* 2015 IL App (2d) 140782........................................ 5

*McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732 (1982) .......................................................... 8

*Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69 (1982)........................................................... 3

*Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760 (N.D. Ill. 2009) ........................................ 12

*Richardson v. DSW, Inc.*, No. 05 C 4599, 2005 WL 2978755 (N.D. Ill. Nov. 3, 2005). ............... 6

*Seale v. Peacock*, 32 F.4th 1011 (10th Cir. 2022) ..................... 9, 10

*Shefts v. Petrakis*, 931 F. Supp. 2d 916 (C.D. Ill. 2013) ..................... 9

*Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724 (7th Cir. 2014) ..................... 4

*TAS Distributing Co. v. Cummins Engine Co.*, 491 F.3d 625 (7th Cir. 2007) ..................... 4

*Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199 (4th Cir. 2009) ..................... 9

*Vista Mktg., LLC v. Burkett*, 812 F.3d 954 (11th Cir. 2016) ..................... 9, 10

*Zak v. Bose Corp.*, 2019 WL 143790 (N.D. Ill., Mar. 31, 2019) ..................... 7

**Statutes**

18 U.S.C.A. § 2707(c) ..................... 9

720 ILCS 5/14-1(e) ..................... 8

720 ILCS 5/14-2(a)(2) ..................... 7

720 ILCS 5/14-2(a)(3) ..................... 7

## INTRODUCTION

Lacey Gittings-Barrera ("Plaintiff") sued a nonprofit hospital on the flawed thesis that it owed a duty to protect information she voluntarily input into a public-facing website. Contrary the unpled theories volleyed in Plaintiff's brief, Plaintiff never pled that Memorial tracked confidential patient correspondence inside a password-protected patient portal. Instead, she pled that she voluntarily input information into a public facing website and seeks relief on the false notion that Memorial Hospital ("Memorial") improperly disclosed her usage of its website to third-party software companies.

In its motion, Memorial explained why Plaintiff's allegations, even if true, do not support any viable claim under Illinois law and binding federal precedent. Faced with authority mandating dismissal of her claims, Plaintiff attempts to interpose the incorrect legal standard and bury the adverse authority with an avalanche of irrelevant cases. To that end, she purports to provide an index of cases without any context for those claims or discussion of those claims – in apparent hopes that the Court will not wade through the decisions and detect the material distinctions. She ignores, for example, that her authority did not address Illinois law, ignores that her cases contravene controlling Seventh Circuit precedent and ignores her own cases dismissed the very claims she now asserts.

Plaintiff seeks to bury controlling authority with irrelevant cases because application of Illinois law and controlling authority mandates dismissal of her claims. To that end, Memorial will focus this brief on how such authority mandates dismissal of her claims and why the very limited Illinois authority cited by Plaintiff does not support her claims.[1]

---

[1] Memorial does not concede the remainder of its pleading arguments, but they have been fully addressed in the briefing and Plaintiff's arguments to the contrary do not rebut those arguments. Memorial therefore incorporates its prior arguments by reference.

## GOVERNING STANDARD

Plaintiff's entire brief rests upon the false suggestion that Memorial tracked confidential patient correspondence in a password-protected patient portal. Plaintiff's complaint never alleges such conduct, but instead alleged that Plaintiff voluntary used of Memorial's public facing website. Plaintiff ignores her own allegations in hopes that her unpled (and false) allegation that Memorial tracked confidential patient correspondence in a password-protected patient portal will evoke sympathy and convince the Court to create a novel claim unsupported by Illinois law.

Plaintiff's complaint acknowledges that her claim derives from alleged use of tracking software on a single website identified in the complaint:

> Despite its unique position as a massive and trusted healthcare provider, Memorial Hospital knowingly configured and implemented into its website, www.mhtlc.org (the "Website") code-based tracking devices known as "trackers" or "tracking technologies," which collected and transmitted Plaintiff and Class Members' Private Information to Facebook, Google, and other third parties, without Plaintiff and Class Members' knowledge or authorization.

(Dkt. 1, ¶ 10). The complaint then explains that this website provides users with general information regarding the hospital. (Dkt. 1, ¶ 40). Plaintiff never alleges that she visited a password-protected patient portal, or that tracking software was installed on such a portal. This case therefore has nothing to do with a password-protected patient portal and any such suggestion by the Plaintiff should be disregarded as unsupported by the complaint.

Contrary to her response brief, the Plaintiff's complaint only once references installation of tracking pixels on a password-protected patient portal – in the context of discussing an article that purportedly identified healthcare providers that installed the tracking software on their websites. (Dkt. 1, ¶ 122). However, the cited website (www.themarkup.org) does not identify Memorial as such a hospital. Simply put, Plaintiff never alleges that Memorial installed tracking software on its password-protected patient portal and cannot now use that unpled theory.

## ARGUMENT

### I. COUNTS I, II, IV AND V: PLAINTIFF'S ADMITTED CONTRACT WITH DEFENDANT PRECLUDES HER NELIGENCE, UNJUST ENRICHMENT AND BREACH OF IMPLIED CONTRACT CLAIMS.

Illinois law is clear – a party to a contract cannot pursue a negligence, an unjust enrichment or an implied contract claim. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69 (1982); *Maness v. Santa Fe Park Enters. Inc.*, 298 Ill. App. 3d 1014, 1022 (Ill. App. Ct. 1998); *La Throp v. Bell Fed. Sav. & Loan Ass'n,* 68 Ill.2d 375, 391 (1977). That doctrine mandates dismissal of Plaintiff's claims for negligence (Counts I and II), breach of implied contract (Count IV) and unjust enrichment (Count V) because Plaintiff admits that she entered into a contract with Memorial and pursued a claim for breach of that contract. (Dkt. 1, ¶ 214).[2]

Plaintiff attempts to distinguish her claim, but courts have dismissed analogous claims where, as here, the plaintiff acknowledges the existence of a contract. *Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 817 (7th Cir. 2018); *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 531 (N.D. Ill. 2011). To leave no doubt, this Court addressed this very issue in *Doe v. Genesis Health Sys.*, No. 23-CV-4209, 2024 WL 3890164 (C.D. Ill. Aug. 21, 2024) and dismissed analogous claims precisely because the plaintiff admitted the existence of a contract: "Plaintiff's negligence and negligence per se claims are dismissed as the *Moorman* Doctrine precludes the recovery of tort damages, an essential element of a negligence claim" *Id.* at *12.

Plaintiff cites no Illinois authority permitting her to pursue a tort claim in light of the admitted contract. First, she cites *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, but the economic loss doctrine did not apply because the plaintiff in that case did not acknowledge the

[2] Faced with adverse precedent mandating dismissal of her claims, Plaintiff purports to deny that her claims arise from the admitted contract. But Plaintiff pleads a claim for breach of express contract! (Dkt. 1, ¶ 212-222). Plaintiff never explains how she can plead a contract claim but deny that the alleged contract triggers the economic loss doctrine.

existence of a contract. Second, she purports to provide a string cite of cases upholding such claims (Dkt. 11-1, Exhibit A-3, Exhibit A-4, Exhibit A-6), but none of those cases were decided under Illinois law.[3] Regardless of whether other states recognize such claims, Illinois law does not do so and Illinois law controls a claim by an Illinois resident against an Illinois defendant. Applying Illinois law, Plaintiff simply cannot plead claims for negligence, unjust enrichment or implied contract because she entered into a contract with Memorial. To the extent that the contract does not provides a remedy, Plaintiff cannot now create one by asserting common law claims.

## II. COUNT III: PLAINTIFF'S CONTRACT CLAIM FAILS BECAUSE SHE FAILS TO PLEAD ECONOMIC INJURY.

Illinois law is clear - Plaintiff cannot pursue a claim for breach of express contract without alleging economic damages. *Flores*, 2023 IL App (1st) 230140, ¶ 34 (dismissed contract claim because plaintiffs did not allege economic injury). Plaintiff implies that she can avoid dismissal by alleging nominal damages, but the Seventh Circuit has repeatedly rejected that notion: "Illinois law is clear that, to state a claim for breach of contract, one must be able to prove actual damage." *TAS Distributing Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 n.6 (7th Cir. 2007); *see also Gociman v. Loyola Univ. of Chic.*, 41 F.4th 873, 883 (7th Cir. 2022); *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 730 (7th Cir. 2014). Simply put, "Merely showing that a contract has been breached without demonstrating actual damage does not suffice, under Illinois law, to state a claim for breach of contract." *TAS Distributing Co.*, 491 F.3d at 631.

To that end, courts have applied the principle to data breach cases. *Kurowski v. Rush Sys.*, 2024 WL 3455020 (N.D. Ill. 2024) granted an analogous motion to dismiss a contract claim despite a claim for nominal damages. Because the plaintiff did not plead an economic injury, the court

[3] While *A.D. v. Aspen Dental Mgmt., Inc.*, No. 24 C 1404, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024) upholds a negligence claim, the plaintiff in that case did not acknowledge the existence of a contract.

held that the plaintiff failed to plead a viable breach of contract claim. Following binding Seventh Circuit authority, the Court held that " Kurowski therefore must plausibly plead that she has suffered actual damage from Rush's breach in order to state a claim." *Id.* at *7.[4]

The same is true here. Plaintiff does not allege economic injury, but instead mimics theories Illinois courts rejected. While she purports to allege emotional distress, loss of privacy, embarrassment, decreased value of her information, loss of benefit of the bargain and increase of future harm, Illinois courts have rejected each such theory as the basis for a contract claim:

- ***Alleged Future Risk of Harm***: *Maglio v. Advocate Health & Hosps. Corp.* held that "[t]he increased risk that plaintiffs will be identity theft victims at some indeterminate point in the future" did not constitute a cognizable injury. 2015 IL App (2d) 140782, ¶ 11

- ***Alleged Time Preventing Hypothetical Injuries***: *Petta v. Christie Bus. Holding Co., P.C.*, held that "damages of 'time and effort' in monitoring and combating potential identity theft are simply too speculative and not imminent so as to confer standing." 2023 IL App (5th) 220742 ¶ 15.

- ***Diminution of Value of Information***: *Flores* "decline[d] to hold that the alleged diminution in value of plaintiffs' personal information amounts to actual monetary damages." 2023 IL App (1st) 230140, ¶ 34.

- ***Emotional Distress***: *Doe v. Roe* held that emotional distress damages are generally unavailable on a breach of contract claim. 289 Ill. App. 3d 116, 130 (Ill. App. Ct. 1997).

Even Plaintiff's own cases reject her theory. Plaintiff repeatedly cites *Loyola*, but *Loyola* held that alleged diminution in the value of information and loss of the benefit of the bargain (both of which Plaintiff alleges) are not economic loss under Illinois law. *Id.*, 2024 WL 3338941 at *8.

Because Illinois courts have rejected the Plaintiff's alleged damages, she cites distinguishable cases. First, she cites *Kurpa v. TIC Int'l Corp.*, No. 1:22-CV-01951-JRS-MG, 2023 WL 143140 (S.D. Ind., Jan. 10, 2023), but that case was not decided under Illinois law, did not address a contract claim and never addressed whether the categories of damages alleged by

---

[4] Plaintiff claims that *Loyola* upheld a contract claim based upon alleged nominal damages, but *Loyola* never mentioned nominal damages and in fact, never addressed a claim for breach of express contract.

Plaintiff constitute economic loss under Illinois law. Second, she cites *In re Arthur Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 587 (N.D. Ill. 2022), but the plaintiff in that case alleged that she "spent $100.00 purchasing a spam blocker due to the alleged increase in spam calls due to the Data Breach" and "experienced fraudulent charges on her credit card." *Id.* at 588-89. The Plaintiff alleges no such financial injury in this case and thus, her contract claim must be dismissed.

## III. <u>COUNT VI</u>: PLAINTIFF DOES NOT ALLEGE THE ELEMENTS OF BAILMENT.

Illinois law only permits a bailment claim if the Plaintiff pleads an agreement to return her data. *Richardson v. DSW, Inc.*, No. 05 C 4599, 2005 WL 2978755, at *4 (N.D. Ill. Nov. 3, 2005). Plaintiff does not dispute that she fails to plead any agreement to return her data, but instead argues that she need not plead such an agreement. Plaintiff does not cite any Illinois case law to support her argument. Instead, she cites *Kurpa* – a case decided by an Indiana court applying Indiana law. *Kurpa*, 2023 WL 143140 at *3. Indiana law has no application to a case brought by an Illinois resident against an Illinois healthcare provider.

Plaintiff ignores Illinois law and cites no cases applying Illinois law because, as *Richardson* recognized, Illinois law only permits bailment where the defendant agreed to return the property. *Richardson* dismissed a bailment claim (despite a data breach and disclosure of credit card information) because "… Richardson ha[d] not alleged that the parties agreed that DSW would return her credit and debit card information to her." *Id.*, 2005 WL 2978755, at *4. As in *Richardson*, the Plaintiff does not allege that Memorial agreed to return their data and thus, she has not alleged the elements of a bailment. Accordingly, Count VI should be dismissed.

## IV. <u>COUNT VII</u>: PLAINTIFF FAILS TO PLEAD A VIOLATION OF THE ILLINOIS EAVESDROPPING STATUTE.

Memorial moved to dismiss Plaintiff's claim under the Illinois Eavesdropping Act because Plaintiff does not allege an actionable violation of the Act and did not plead actionable damages.

First, the Illinois Eavesdropping Act only applies to the interception, recording or transcription of "any private electronic communication to which he or she is not a party…" 720 ILCS 5/14-2(a)(3). Applying the statute as written, it is not enough for Plaintiff to allege that Memorial intercepted a communication; she must allege that Memorial was not a party to that communication. *Zak v. Bose Corp.*, 2019 WL 1437909, at *4 (N.D. Ill., Mar. 31, 2019). As in *Zak*, Plaintiff does not allege that Memorial intercepted a communication between her and a third party, but instead alleges that she entered information into a website owned and operated by Memorial, and that Memorial allegedly tracked information input into that website. Even if that were true, any such tracking is not a violation of the Illinois Eavesdropping Act because the allegedly intercepted communication was not with a third party.

Unable to dispute that conclusion, Plaintiff purports to claim a violation of 720 ILCS 5/14-2(a)(2) and argues that this section applies to violations based on use of an eavesdropping device "for the purpose of transmitting or recording all or any part of any private conversation to which he or she is a party." However, the statute clarifies that "private conversation" means "any oral communication between 2 or more persons, whether in person or transmitted between the parties by wire or other means." 720 ILCS 5/14-1(d). Accordingly, this provision only applies to oral conversations and does not include electronic communications.

In fact, Plaintiff's own case (*Aspen Dental*) dismissed an identical claim on this basis. As here, the plaintiff in that case insisted that communications over the internet are within the scope of this definition. The court rejected that argument because the statute contains two distinct definitions – a definition of private conversation and a definition of private electronic communication.[5] While the latter definition includes electronic communications, the former does

[5] After defining "private conversation," the statute separately defines "private electronic communication" to mean "any transfer of ... writing, images, sounds, data, or intelligence of any nature transmitted in whole

not. Recognizing that distinction, *Aspen* held that the legislature did not intend the definition of private conversation to include electronic communications: "The difference in these definitions suggests legislative intent to distinguish between the disclosure of conversations, like those occurring in-person or over the phone, and electronic communications, like the private user data and appointment scheduling information at issue here." *Id.* at *3. The court therefore dismissed the very claim Plaintiff now asserts: "… the Court concludes that 720 ILCS 5/14-1(d) does not apply to the electronic communications about which Plaintiffs complain. Accordingly, Count VII is dismissed." *Id.*

As in *Aspen*, Plaintiff ignores the plain terms of 720 ILCS 5/14-2(a)(2). That section does not apply to electronic communications, but instead only applies to a private conversation – a statutorily defines term limited to oral discussions. The Act does not apply and this, Plaintiff's claim (like in *Aspen*) must be dismissed.[6]

Second, even if Plaintiff alleged an actionable violation, her claim nonetheless fails because the Illinois Eavesdropping Act only applies if the Plaintiff alleges "actual damages." Plaintiff purports to deny an obligation to plead actual damages, but she cites no Illinois law supporting that position. She does not do so because Illinois courts have treated such claims as a common law tort action and required the plaintiff to prove he is entitled to "damages in the same manner as he would in any common law tort action." *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 739 (1982). As explained above, the Plaintiff purports to identify a series of alleged harms, but Illinois courts have rejected those theories and held that they are not compensable under Illinois

or part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo optical system." 720 ILCS 5/14-1(e).

[6] Plaintiff purports to cite *Loyola* to support her claim, but *Loyola* did not discuss the allegations in the complaint and explain how those allegations established use of an eavesdropping device for the purpose of "transmitting" or "recording". *Id.*, 2024 WL 3338941 at *9. Even if the plaintiff in that case alleged such conduct, the Plaintiff has not done so and thus, her case must be dismissed.

law. Accordingly, even if the Plaintiff alleged a violation (which she did not), her failure to allege actionable damages mandates dismissal of her claim.

## V. COUNTS VIII, IX AND X: PLAINTIFF'S FAILURE TO PLEAD ECONOMIC INJURY PRECLUDES RECOVERY UNDER THE ELECTRONIC COMMUNICATIONS PRIVACY ACT.

Memorial moved to dismiss Plaintiff's claim under the Electronic Communications Privacy Act ("Privacy Act") because while the Privacy Act generally permits a private cause of action, 18 U.S.C.A. § 2707(c) only authorizes an assessment of "actual damages suffered by the plaintiff…" *Id.*, § 2707(c); *see also Doe v. Chao*, 540 U.S. 614, 626-27 (2004). While the Act does not define the term "actual damages", the Supreme Court did so in *F.A.A. v. Cooper*, 566 U.S. 284 (2012) and held that the phrase "actual damages" was limited to economic harms "pecuniary or economic harm." *Id.* at 299. Because Plaintiff does not allege any economic injury (but instead alleges emotional distress and other forms of general damages), her claim fails.

Unable to allege economic injury, Plaintiff attempts to distinguish *Chao* on the theory that *Chao* addressed the Privacy Act of 1974. In support thereof, Plaintiff cites district court cases to support the argument (Dkt. 11, pg. 16-17), but Plaintiff ignores the fact that her cases have been rejected by circuit courts throughout the country.[7] The circuit courts agree that plaintiffs pursuing a claim under the Privacy Act must allege actual damages as a prerequisite to recovering. *Seale v. Peacock*, 32 F.4th 1011 (10th Cir. 2022); *Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 965–75 (11th Cir. 2016); *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 207–08 (4th Cir. 2009); *Hovanec v. Miller*, 831 Fed. Appx. 683, 685 (5th Cir. 2020) (unpublished).

*Vista Marketing* considered and rejected Plaintiff's very argument. As here, the plaintiff in

[7] For example, Plaintiff cites *Shefts v. Petrakis*, 931 F. Supp. 2d 916 (C.D. Ill. 2013), but that case was rejected in *Seale v. Peacock*, 32 F.4th 1011, 1024 at fn. 9 (10th Cir. 2022).

that case argued that she could recover even if she did not suffer actual damages.[8] The Eleventh Circuit rejected that argument because the Act only "… allows the district court to award only 'actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation….'" *Vista Mktg.*, 812 F.3d at 968. In so concluding, *Vista Marketing* considered the legislative history and explained that the legislative history provided no support for the notion that Congress intended to allow statutory damages without showing actual damages. *Id.*; *see also Campbell v. Facebook*, 315 F.R.D. 250, 268-9 (N.D. Cal. 2016).

These cases address, and reject, Plaintiff's purported distinction of *Chao*. These courts acknowledge that *Chao* interpreted the Privacy Act of 1974, but reject that distinction because the language in the Privacy Act is "so close" to that the Privacy Act of 1974.

> This case is controlled by *Doe v. Chao*, 540 U.S. 614, 124 S.Ct. 1204 (2004), and *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868 (11th Cir.2009). The wording of the SCA damages section is so close to that of the Privacy Act, 5 U.S.C. § 552a(g)(4), I conclude we are bound by the holdings of those cases. No damages are available to one bringing an action under either Act unless actual damages are proved. Actual damages "means pecuniary losses." *Fanin*, 572 F.3d at 872. These holdings resolve this case. In my opinion, there is simply no need to delve into legislative history or the analyses of non-binding case law.

*Vista Mktg*., 812 F.3d at 968 (J. Fay, concurring). Like Justice Fay in *Vista Marketing*, this Court should recognize that *Chao*, as Supreme Court authority, controls and requires Plaintiff to plead actual damages – which she has not done.

## VI. <u>COUNT XI</u>: PLAINTIFF FAILS TO STATE A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT.

Like the Privacy Act, the Computer Fraud and Abuse Act ("CFAA") only applies if the Plaintiff suffers actionable damage. *See, e.g., First Fin. Bank, N.A. v. Bauknecht*, 71 F. Supp. 3d 819, 849-50 (C.D. Ill. 2014). The CFAA defines the term "damage" to mean "any impairment to

[8] *Vista Marketing* involved a claim under the Stored Communications Act, but the Stored Communications Act is part of the Privacy Act. *Seale*, 32 F.4th at 1026.

the integrity or availability of data, a program, a system, or information." *Farmers Ins. Exch. v. Auto Club Grp.*, 823 F. Supp. 2d 847, 852 (N.D. Ill. 2011). Despite an obligation to pled "damages" within that definition, the complaint never alleges that Memorial caused any damage whatsoever to Plaintiff's computer and/or mobile device. Plaintiff simply parrots the statute. (Dkt. 1, ¶ 325). Accordingly, Plaintiff does not allege actionable damages and her CFAA claim fails. *Id.*; *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 998 (N.D. Ill. 2011).

Faced with precedent mandating dismissal, Plaintiff cites non-existent allegations. First, she claims that "she did not receive data security protections from Defendant for which she paid." (Dkt. 11, pg. 24). Plaintiff, however, ignores that she never bought data security protections from Memorial and never alleged any such purchase. The citation for this claim (paragraph 318) literally makes no mention of data security protections:

> 318. Defendant's divulgence of the contents of Plaintiff's and Class Members' patient user communications on its Website was not done "with the lawful consent of the originator or any addresses or intended recipient of such communication[s]." As alleged above: (i) Plaintiff and Class Members did not authorize Defendant to divulge the contents of their communications and (ii) Defendant did not procure the "lawful consent" from the websites or apps with which Plaintiff and Class Members were exchanging information.

Apparently hoping the Court would accept her incorrect characterization, Plaintiff volleys an unpled theory (that is obviously incorrect as Memorial is not a data security provider).

Second, Plaintiff claims that she suffered damages in the form of an alleged diminution in value of her personal information. (Dkt. 11, pg. 24). She does not cite a single case holding that alleged diminution in value of her personal information qualifies as damages under the CFAA. Nor can she because the Act defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." *Farmers Ins. Exch.*, 823 F. Supp. 2d at 852. That definition does not include the disclosure of data. Instead, "[t]he plain language of the statutory definition refers to situations in which data is lost or impaired because it was erased or because

(for example) a defendant smashed a hard drive with a hammer." *Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760, 769 (N.D. Ill. 2009).

Plaintiff's data was not erased or destroyed. Instead, she alleges that it now has less value. That claim, even if true, is not actionable. Indeed, *Garelli Wong & Assocs., Inc. v. Nichols*, 551 F. Supp. 2d 704, 709-10 (N.D. Ill. 2008) rejected that very theory. In that case, the plaintiff alleged that the defendant stole confidential information and that theft of the data resulted in economic injury. Even though the data was stolen, the court still dismissed the claim under CFAA because disclosure did not impair the integrity or availability of data (i.e., it was not erased or otherwise destroyed). For the same reasons, Plaintiff's claim fails. Any allege diminution in value of data is not "damages" under the CFAA and thus, Plaintiff has not alleged an actionable violation thereof.

**CONCLUSION**

WHEREFORE, Defendant Memorial respectfully requests that this Court enter an Order dismissing Plaintiff's Class Action Complaint with prejudice and without leave to amend, and for all other relief deemed necessary and appropriate.

Dated: January 29, 2025

Respectfully submitted,

By: /s/ *Scott L. Schmookler*

Scott L. Schmookler - # 6238034
**Gordon & Rees Scully Mansukhani, LLP**
One North Wacker, Suite 1600
Chicago, IL 60606
Telephone: (312) 619-4931
Facsimile: (312) 565-6511
*Attorney for Memorial Hospital*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I caused a true and correct copy of the foregoing document to be served upon all counsel of record via e-file and serve to their respective email addresses on January 29, 2025.

**David Cates**
The Cates Law Firm, LLC
dcates@cateslaw.com
216 West Pointe Drive, Suite A
Swansea, IL 62226
(618) 277-3644

**Lynn A. Toops**
**Amina A. Thomas**
Cohen & Malad, LLP
ltoops@cohenandmalad.com
athomas@cohenandmalad.com
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481

**J. Gerard Stranch, IV**
**Andrew E. Mize**
Stranch, Jennings & Garvey, PLLC
gstranch@stranchlaw.com
amize@stranchlaw.com
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801

**Samuel J. Strauss**
**Raina Borelli**
Turke & Strauss, LLP
sam@turkestrauss.com
raina@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
(608)237-1775

*By:* */Scott Schmookler*
Scott Schmookler